IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

ROGER REED            PLAINTIFF

v.            CIVIL ACTION NO. 4:24-CV-77-SA-JMV

WALMART, INC., ET AL.            DEFENDANTS

ORDER AND MEMORANDUM OPINION

Roger Reed initiated this civil action on July 16, 2024, in the Circuit Court of Grenada County, Mississippi, pursuing claims against Walmart, Inc., Austin Rodgers and John Does 1-10.[1] Walmart, Inc. ("Walmart") removed the action to this Court on August 22, 2024, premising jurisdiction on diversity of citizenship. Reed subsequently filed a Motion to Remand [10] arguing that there is not complete diversity of citizenship between the parties. The Motion [10] has been fully briefed and is ripe for review.

*Relevant Factual and Procedural Background*

Reed, a Mississippi resident, alleges that, on or about June 18, 2021, he was hit by a train of shopping carts while standing at or inside the front of Walmart located in Grenada, Mississippi. The carts were being corralled by Rodgers—a Walmart employee and Mississippi resident. According to his Complaint [2], Reed sustained injuries to his back and neck which resulted in medical expenses totaling $44,000.

---

[1] Walmart notes that the Complaint [2] incorrectly names it as "Walmart Facility #1074 a/k/a Walmart a/k/a Grenada Walmart" in addition to Walmart, Inc. According to Walmart's Notice of Removal [1], the proper party is Wal-Mart Stores East, LP. *See* [1] at p. 1, n. 1. For purposes of the diversity jurisdiction analysis, there is no dispute that Walmart is *not* considered a Mississippi resident. Also, the Declaration of Austin Rodgers spells his last name as "Rodgers," which differs from the style of this case. *See id*., Ex. 1, at p. 1. The Court will refer to him by using the last name as spelled in the Declaration.

As a result, Reed brought suit in state court against Walmart and Rodgers for "general [and] premises liability" and "general negligence". [2] at p. 2-3.[2] In his Complaint [2], Reed requests damages for medical expenses, lost income, and non-economic damages for "past or present pain and suffering; loss of enjoyment of life; and mental anguish." *Id*. at p. 6. Reed requests a total of $750,000 in compensatory damages "plus applicable costs, pre- and post-judgment interests, and attorney['s] fees." *Id*. at p. 7.

Walmart removed the action to this Court on August 22, 2024, alleging that diversity jurisdiction existed at the time of removal because "the amount in controversy exceeds $75,000" and "the claims against [Rodgers] have been fraudulently or improperly joined with the claims against Walmart." [1] at p. 4. Walmart contends there is no possibility that Reed could recover from Rodgers because Rodgers was employed as a door greeter without any supervisorial authority.

On September 4, 2024, Reed moved to remand the action to state court, contending that there is a lack of a complete diversity because Rodgers is Mississippi resident and Walmart has failed to demonstrate that he was fraudulently joined. *See* [10]. Walmart opposes the Motion [10].

*Applicable Standard*

"Under the federal removal statute, a civil action may be removed from state court to a federal court on the basis of diversity. This is so because the federal court has original subject matter jurisdiction over such cases." *Int'l Energy Ventures Mgmt., L.L.C. v. United Energy Grp., Ltd*., 818 F.3d 193, 199 (5th Cir. 2016) (citing 28 U.S.C. § 1441(a)). Diversity jurisdiction exists "where the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs, and is between . . . citizens of different states." 28 U.S.C. § 1332(a); *Addo v. Globe Life and*

---

[2] The Court notes that Reed has listed separate counts for respondeat superior and agency. *See id*. at p. 4-5. However, these are theories of liability and not causes of action in and of themselves.

*Accidents Ins. Co.*, 230 F.3d 759, 761 (5th Cir. 2000). Diversity, as prescribed by Section 1332, requires that "all persons on one side of the controversy be citizens of different states than all persons on the other side." *Harvey v. Grey Wolf Drilling Co.*, 542 F. 3d 1077, 1079 (5th Cir. 2008) (internal quotation marks omitted). "There is, however, a narrow exception to that rule for situations of improper joinder…" *Vaillancourt v. PNC Bank, Nat. Ass'n*, 771 F. 3d 843, 847 (5th Cir. 2014). Under the improper joinder doctrine, "a district court is prohibited by statute from exercising jurisdiction over a suit in which any party, by assignment or otherwise, has been *improperly* or *collusively* joined to manufacture federal diversity jurisdiction." *Smallwood v. Illinois Cent. R. Co.*, 385 F. 3d 568, 572 (5th Cir. 2004) (citing 28 U.S.C. § 1359) (emphasis in original).

After a case is removed, a plaintiff may move for remand, and "[i]f it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). Once a motion to remand has been filed, the burden is on the removing party to establish that federal jurisdiction exists. *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1408 (5th Cir. 1995). The Fifth Circuit has held that the removal statutes are to be construed "strictly against removal and for remand." *Eastus v. Blue Bell Creameries, L.P.*, 97 F.3d 100, 106 (5th Cir. 1996); *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108-09, 61 S. Ct. 868, 85 L. Ed. 1214 (1941).

*Analysis and Discussion*

In moving this Court to remand this action to state court, Reed contends that Walmart "has failed to meet its burden in demonstrating that diversity jurisdiction exists as a result of the alleged fraudulent joinder of… [Rodgers]." [10] at p. 1.[3]

---

[3] The Court will refer to the term "fraudulent joinder" as "improper joinder," although the parties use the two interchangeably. *See Bourgeois v. U.S. Shipping Corp.*, 683 F. Supp. 3d 548, 553 n. 16 (E.D. La. 2023) ("While the Fifth Circuit uses the term 'fraudulent joinder' and 'improper joinder' interchangeably, the preferred term is 'improper joinder.'") (additional citations omitted).

In the Fifth Circuit, improper joinder may be established by showing "either that: (1) there was actual fraud in the pleading of jurisdictional facts; or (2) the plaintiff is unable to establish a cause of action against the non-diverse defendant in state court." *Williams v. Homeland Ins. Co. of New York*, 18 F. 4th 806, 812 (5th Cir. 2021) (citing *Smallwood*, 385 F.3d at 573). The removing party bears the burden of establishing improper joinder. *Id*. In this case, neither party argues that there was actual fraud in the pleading of jurisdictional facts; therefore, the Court will only consider whether Walmart has shown that Reed "is unable to establish a cause of action" against Rodgers. *See id*.

"To show that a plaintiff cannot establish a cause of action against the non-diverse party in state court, a defendant must show 'that there is no possibility of recovery by the plaintiff against an in-state defendant, which stated differently means that there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant.'" *Advanced Indicator & Mfg., Inc. v. Acadia Ins. Co.*, 50 F.4th 469, 473 (5th Cir. 2022) (quoting *Smallwood*, 385 F.3d at 573). "Even if the defendant meets this burden, however… there is no improper joinder if the basis for concluding that there can be no recovery from 'the in-state defendant necessarily compels the same result for the nonresident defendant.'" *Holder v. Abbott Laboratories, Inc.*, 444 F.3d 383, 387 (5th Cir. 2006) (quoting *Smallwood*, 385 F.3d at 574).

"The court may conduct a Rule 12(b)(6)-type analysis, looking initially at the allegations of the complaint to determine whether the complaint states a claim under state law against the in-state defendant. Ordinarily, if a plaintiff can survive a Rule 12(b)(6) challenge, there is no improper joinder." *Smallwood*, 385 F.3d at 573.

The Court will conduct a Rule 12(b)(6) analysis as to each of Reed's claims against Rogers beginning with his premises liability claim and then turning to his general negligence claim. "To

4

pass muster under Rule 12(b)(6), [a] complaint must have contained enough facts to state a claim to relief that is plausible on its face." *Hicks v. Martinrea Auto. Structures (USA), Inc.*, 12 F.4th 511, 515 (5th Cir. 2021) (quoting *Int'l Energy Ventures Mgmt.*, 818 F.3d 193, 200 (5th Cir. 2016)) (internal quotation marks omitted).

I. *Premises Liability*

Premises liability, as a theory of negligence, requires a plaintiff to prove that the defendant breached a duty. *See Thomas v. Boyd Biloxi LLC*, 360 So. 3d 204, 213 (Miss. 2023) (citing *Double Quick, Inc. v. Moore*, 73 So. 3d 1162, 1166 (Miss. 2011)). As to duty in premises liability cases, the Mississippi Supreme Court has previously held:

> the owner, occupant, or person in charge of [a] premises owes to an invitee or business visitor a duty of exercising reasonable or ordinary care to keep the premises in reasonably safe and suitable condition or of warning [the] invitee of dangerous conditions not readily apparent which [the] owner knows or should know of in the exercise of reasonable care.

*Mayfield v. The Hairbender*, 903 So.2d 733, 735-36 (Miss. 2005) (en banc) (quoting *Wilson v. Allday*, 487 So.2d 793, 795-96 (Miss. 1986)).

More recently, the Mississippi Supreme Court indicated that employees with managerial or supervisory duties may owe a separate duty from that of an owner. *See B & B Mgmt. Co., LLC v. Y.X. by and through He Shao*, 245 So.3d 477, 484 (Miss. 2018).

According to the Complaint [2], Reed alleges that "[a]s the owner and/or operator of the land and business activities with right of possession to the premises at issue in this cause of action, Defendants had a duty of reasonable care to Roger Reed[.]" [2] at p. 3.[4] It is undisputed that Rodgers is not the owner of Walmart's premises and was not a member of Walmart's management

---

[4] The Court notes that the Complaint [2] generally refers to the Defendants collectively when asserting the duty owed by them under "Count I—General & Premises Liability." For purposes of its analysis, the Court assumes that this allegation implicates a duty owed by Rodgers.

5

on the date in question. In fact, Reed concedes that his Complaint [2] "does not make any allegations against [Rodgers] based upon managerial responsibility." [11] at p. 4. To the extent the Complaint [2] alleges that Rodgers owed a separate duty to Reed as a *non-managerial* employee of Walmart, Mississippi law does not recognize any such duty in premises liability cases. For example, in *B & B Mgmt. Co., LLC*, the plaintiff filed suit against her apartment complex's management company in the Circuit Court of Hinds County, Mississippi after she was injured on a treadmill in the fitness room. 245 So.3d at 479. The plaintiff also named McGee, a maintenance employee and Mississippi resident, as a defendant. *Id*. In deciding the defendants' motion to dismiss and transfer venue, the court allowed the parties to conduct limited discovery for the purpose of discerning whether McGee was improperly joined. *Id*. at 480. McGee testified that he was only responsible for emptying trash cans and changing filters in the fitness room. *Id*. The trial court denied the motion and the Mississippi Supreme Court reversed the decision on appeal, explaining that "McGee was not a 'person in charge' or a manager of the complex who would owe a separate duty to Y.X." *Id.* at 484. The court further emphasized that "no evidence was presented which established that McGee owed an individual, legal duty to [the plaintiff], or that he personally breached any legal duty that day. No actions imposing legal liability on McGee individually were developed during discovery." *Id*. at 488.

Here, Reed does not allege that Rodgers was a "person in charge" for purposes of a premises liability claim. However, Reed avers that "all claims asserted against [Rodgers] are based specifically on his personal actions in 'corralling' the carts which struck [Reed]." [11] at p. 4. Thus, unlike in *B & B Mgmt. Co. LLC*, Reed seems to assert that Rodgers owed a separate legal duty of care in engaging in active conduct. This appears to be the basis of Reed's general

6

negligence claim against Rodgers, which is separate and apart from his premises liability claim against Walmart.

II. *General Negligence*

Although Walmart makes no specific arguments as to Reed's general negligence claim, Walmart's position is that Reed has no claim against Rodgers because, it says, there will be no separate recovery from Rodgers under Miss. Code Ann. § 85-5-7(2). That statute provides in pertinent part:

> [I]n any civil action based on fault, the liability for damages caused by two (2) or more persons shall be several only, and not joint and several and a joint tortfeasor shall be liable only for the amount of damages allocated to him in direct proportion to his percentage of fault. In assessing percentages of fault an employer and the employer's employee or a principal and the principal's agent shall be considered as one (1) defendant when the liability of such employer or principal has been caused by the wrongful or negligent act or omission of the employee or agent.

MISS. CODE ANN. § 85-5-7(2).

"Miss. Code Ann. § 85-5-7(2) preserves joint and several liability under the common law doctrine of *respondeat superior*[.]" *Methodist Healthcare-Olive Branch Hosp. v. McNutt*, 323 So. 3d 1051, 1056 n. 2 (Miss. 2021). Although Walmart argues that the joint allocation of *fault* precludes separate recovery from Rodgers, "[u]nder the doctrine of respondeat superior, the employer and employee are *jointly and severally liable* for injury caused by the employee's negligence." *Sykes v. Home Health Care Affiliates, Inc.*, 125 So. 3d 107, 109 (Miss. Ct. App. 2013) (citing *Capital Transp. Co. v. McDuff*, 319 So.2d 658, 661 (Miss.1975)) (emphasis added). "Therefore, a plaintiff alleging injury attributable to an employee's negligence has the option to sue the employee, the employer or both." *McNutt*, 323 So. 3d at 1056.[5] The Complaint [2]

---

[5] "Under the doctrine of respondeat superior, the [employer's] liability is derivative of the [employee's] tort." *McNutt*, 323 So. 3d at 1056.

concedes that Rodgers "was within the course and scope of his employment with Walmart, Inc. [when] corralling [the] shopping carts." [2] at p. 2. The Court therefore rejects Walmart's argument that Miss. Code Ann. § 85-5-7(2) forecloses any possibility of recovery from Rodgers. *See Wheeler v. Frito-Lay, Inc.*, 743 F. Supp. 483, 487 (S.D. Miss. 1990) (explaining that the application of respondeat superior does not operate to relieve an employee of liability).[6]

Again, Reed is not only asserting a premises liability claim, but he also brings a direct negligence claim against Rodgers. The issue is whether Rodgers owed a duty of care to Reed and could be individually liable for his direct actions under Mississippi law.

In Mississippi, "an agent for a disclosed principal can be held personally liable for his own tortious acts committed within the scope of his employment." *Hart*, 199 F.3d at 247 (citing *Wheeler*, 743 F. Supp. at 487 (holding that employee-driver was not fraudulently joined in lawsuit where plaintiff stated a plausible claim against him for negligent driving within the scope of his employment)). "In other words, an agent is subject to personal liability only when he or she, 'directly participates in or authorizes the commission of a tort.'" *Melohn v. Infusion Partners, Inc.*, 2005 WL 8172983, at *5 (S.D. Miss. Sept. 21, 2005) (quoting *Hart*, 199 F.3d at 247).

According to the First Amended Complaint [2], Rodgers breached his duty of reasonable care when he "failed to corrall (sic) the train of shopping carts in a reasonable and prudent manner or warn the customers… that danger was approaching the entrance." [2] at p. 2. Here, Reed has alleged direct individual action or participation on the part of Rodgers in the underlying tort—the negligent handling of the shopping carts. He also alleges that his damages were caused as a result

---

[6] Notably, at this stage of the proceedings, Walmart has not explicitly agreed to satisfy any judgment against Rodgers individually. Aside from the matters the Court has already addressed, Walmart offers no further argument to support that Rodgers was improperly joined. It bears repeating that "[t]he burden of persuasion placed upon" Walmart as the removing party to prove improper joinder "is indeed a heavy one." *Hart v. Bayer Corp.*, 199 F.3d 239, 246 (5th Cir. 2000).

of being hit by the carts as they were being corralled by Rodgers. Reed has sufficiently pled a negligence claim. *See Sanderson Farms, Inc. v. McCullough*, 212 So. 3d 69, 76 (Miss. 2017) (outlining the elements of negligence: duty, breach, causation, and injury).

In light of the above, the Court cannot definitively conclude that there is no possibility of recovery against Rodgers.[7] Walmart has not met its burden to establish that Rodgers, a Mississippi resident, was improperly joined. Therefore, diversity jurisdiction does not exist and the Court is without jurisdiction to preside over the case.

*Conclusion*

For the reasons set forth above, Reed's Motion to Remand [10] is GRANTED. It is hereby ORDERED that this cause be REMANDED to the Circuit Court of Grenada County, Mississippi for further proceedings. The Clerk of Court shall take all steps necessary to accomplish this remand.

SO ORDERED, this the 18th day of February, 2025.

/s/ Sharion Aycock
UNITED STATES DISTRICT JUDGE

---

[7] It is worth noting that "[a]s the removal statute is strictly construed in favor of remand, 'any doubt about the propriety of removal must be resolved in favor of remand.'" *KSN Hosp. LLC v. Great Lakes Ins. SE*, 640 F. Supp. 3d 725, 730 (S.D. Tex. 2022) (quoting *Gasch v. Hartford Acc. & Indem. Co.*, 491 F.3d 278, 281-82 (5th Cir. 2007)).